NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ABDIEL F. AVILA, | |
| Petitioner, | Civil Action No. 12-6369 (NLH) |
| v. | |
| STATE OF NEW JERSEY et al., | |
| Respondents. | **OPINION** |

IT APPEARING THAT:

1.  On October 4, 2012, Petitioner filed a pro se petition under 28 U.S.C. § 2254. See Docket Entry No. 1. The petition consisted of four parts totaling 165 single-spaced pages. See Docket Entries Nos. 1, 1-1, 1-2 and 1-3. In addition, the petition included a voluminous amount of exhibits. See Docket Text accompanying Docket Entry No. 1 ("EXHIBITS A THROUGH Z TOO VOLUMINOUS [TO DOCKET]"). The Court, on December 3, 2012, dismissed the petition in accordance with Habeas Rule 2(d), granted Petitioner leave to amend and advised him of his rights under Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). See Docket Entry No. 9. Furthermore, "being mindful of Petitioner's apparent desire to litigate a multitude of issues in this matter, the Court f[ou]nd[] it warranted to provide Petitioner with relevant guidance as to the narrow scope of federal habeas review [so] to allow

Petitioner intelligent selection of the claims he may litigate in this matter." Id. at 3.  The Court carefully detailed to Petitioner: (a) the jurisdictional requirement that allows this Court to review only federal law deprivations; (b) the prohibition on habeas relief if the state courts' adjudication did not result in an unreasonable application of Supreme Court precedent; and (c) the exhaustion requirement obligating a litigant to present challenges substantially equivalent to those raised in federal habeas review to each level of the state courts empowered to hear such claims.  See id. at 4-7.  Moreover, the Court pointed out that many of Petitioner's grounds were facially deficient since they were based on purely state law, were unexhausted (or did not properly assert futility of exhaustion), or arose from Petitioner's sovereign citizenship/redemptionist beliefs, which could not form the basis of a viable habeas claim.  See id. at 7-13.  Therefore, the Court explained:

> Petitioner may . . . raise [in his amended pleading all his] challenges [provided that they are unrelated to Petitioner's sovereign citizenship/redemptionist beliefs and]: (I) he states only his federal law claims; (b) asserts the factual predicate in support of each such Ground substantively identical to the factual predicate he asserted for the purposes of state court's review; and (c) reduces each such Ground to one single-sided, double-spaced page stating, clearly and concisely, Petitioner's legal basis for relief . . . .

Id. at 13.

2. In response, Petitioner filed four submissions, namely, a motion for default judgment, a motion for reconsideration of the Court's decision granting Petitioner leave to amend, a motion asserting that there was "no formal opposition" to his petition on the part of Respondents who were never directed to respond to Petitioner's pleading, and a "letter reiterating the same." Docket Entry No. 18, at 1 (referring to Docket Entries Nos. 11, 14, 15 and 17). On January 22, 2013, the Court dismissed these applications but extended Petitioner's time to file an amended pleading. See id.

3. Petitioner then filed an amended petition and the seven applications now at bar. See Docket Entries Nos. 19 to 26. The amended petition, albeit a document shorter than the original one, repeated virtually every error of the original pleading. Notably, the amended petition raised predominantly state law claims or challenges based on Petitioner's sovereign citizenship/ redemptionist convictions, and the bulk of these claims were unexhausted.[1] See Docket Entry No. 19. The seven applications, filed in Docket Entries Nos. 20 to 26, generally seek reconsideration

---

[1] In his amended petition, Petitioner – instead of asserting that exhaustion would be futile – alleged that this Court's decision not to excuse Petitioner's failure to exhaust would result in a fundamental miscarriage of justice. See, generally, Docket Entry No. 19.

3

of the Court's prior rulings. These applications were: (a) a document titled "Notice of Correction of Deficiencies," stating that Petitioner's amended pleading should be deemed in compliance with the requirements of federal habeas law, see Docket Entry No. 20; (b) a document titled "Motion for Relief From Orders" stating largely the same and, in addition, requesting an order directing Respondents to show cause as to why habeas relief should not be granted to Petitioner, see Docket Entry No. 21; (c) another a document titled "Motion for Relief From Orders" stating, again, largely the same, see Docket Entry No. 23; (d) Petitioner's $5.00 filing fee that arrived accompanied by a letter requesting the Clerk to assign an index (docket) number to this matter (even though such index number had been assigned upon commencement of this action), see Docket Entry No. 22; (e) an application seeking restoration of this case to the Court's active docket and expressing, once again, that Petitioner's amended pleading complied with the requirements of federal habeas law, see Docket Entry No. 24; (f) a document titled "Consent To Jurisdiction by a United States Magistrate Judge," see Docket Entry No. 25; and (g) an application seeking this Court's recusal in light of Petitioner's opinion that the Court must be biased against him. See Docket Entry No. 26.

4.  Petitioner's amended petition, being deficient for the reasons already detailed by this Court in its order docketed as Docket Entry No. 9, will be dismissed with one final leave to amend. To the extent Petitioner's amended petition could be construed as an application for excuse of procedural default on the grounds of fundamental miscarriage of justice, such application will be denied. While a federal habeas court may excuse a petitioner who has procedurally defaulted his claims if he has established a "fundamental miscarriage of justice," Petitioner has not pointed to such a miscarriage of justice here. To show a fundamental miscarriage of justice, a petitioner must present evidence of his "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Schlup v. Delo, 513 U.S. 298, 316 (1995); see also House v. Bell, 547 U.S. 518, 536-39 (2006); Houck v. Stickman, 625 F.3d 88, 93-95 (3d Cir. 2010); Hubbard v. Pinchak, 378 F.3d 333, 339-41 (3d Cir. 2004). No statement in Petitioner's amended pleading points to such evidence. Neither the original nor the amended pleading qualifies for excuse of exhaustion on the grounds of futility or for excuse of procedural default on the grounds of fundamental miscarriage of justice.

5.  To the extent Petitioner's motions docketed as Docket Entries Nos. 20, 21, 23 and 24 could be construed as seeking, once again, reconsideration of the Court's January 22, 2013 Order, such motions will be denied on the grounds already detailed in that Order, docketed as Docket Entry No. 18.

6.  Petitioner's application docketed as Docket Entry No. 22 will be dismissed as moot, since an index was already assigned to this matter upon commencement of this action. To the extent Docket Entry No. 22 could be construed as an application for an order directing Respondents to answer Petitioner's pleading, that application will be denied as premature for the reasons stated <u>supra</u>.  Until the Court screens the Petition, Respondents are not obligated to answer.  <u>See</u>  28 U.S.C. § 2254 Rule 5(a) ("The respondent is not required to answer the petition unless a judge so orders"); <u>see</u> <u>also</u> 28 U.S.C. § 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner").

7.  Petitioner's application for resolution of this matter by a magistrate judge will also be denied.  First, Federal Rule of Civil Procedure 73 requires consent of both parties to

such treatment. See Fed. R. Civ. P. 73(b)(1); see also Morrison v. Int'l Programs Consortium, Inc., 205 F.R.D. 61 (D.D.C. 2002) (holding that both parties' consent to exercise of magistrate judge's jurisdiction must be explicit, voluntary, clear and unambiguous); Binder v. Gillespie, 184 F.3d 1059 (9th Cir. 1999) (holding that if both parties fail to consent in writing to have a magistrate judge conduct civil proceedings and order entry of judgment, the magistrate judge does not have jurisdiction and any judgment (s)he enters is a nullity). Second, no magistrate judge has been assigned to this matter and, therefore, (s)he can accept jurisdiction over this action.[2] Thus, Petitioner's application is a facial non sequitur.

8.  Finally, Petitioner's application for recusal of the undersigned will, too, be denied.[3] Under 28 U.S.C. § 455(a), "any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(a) requires judicial recusal "if a reasonable person,

---

[2] In this District, there is no assignment of habeas cases to magistrate judges. See Local Civ. R. 72.1(a)(3)(C)(v).

[3] Petitioner made a substantively identical application in Avila v. New Jersey, Civil Action No. 13-0779 (JAP), see id. Docket Entry No. 15, asserting that Hon. Joel A. Pisano, a District Judge of this District, is also biased against Petitioner.

knowing all the circumstances, would expect that the judge would have actual knowledge" of his interest or bias in a case. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988); In re Kensington Intern. Ltd., 368 F.3d 289, 301 (3d Cir. 2004). In making this determination, the court must consider how the facts would appear to a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." U.S. v. Jordan, 49 F.3d 152, 156 (5th Cir. 1995); accord Clemens v. United States District Court for the Central District of California, 428 F.3d 1175, 1178 (9th Cir. 2005); Matter of Mason, 916 F.2d 384, 386 (7th Cir. 1990). Importantly, "beliefs or opinions which merit recusal must involve an extrajudicial factor," Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (internal quotation marks and citation omitted), and the Supreme Court has made it clear that "judicial rulings alone almost never constitute a valid basis" for recusal. Liteky v. United States, 510 U.S. 540, 555 (1994). The reason for this rule is that judicial decisions "in and of themselves can only in the rarest of circumstances evidence the degree of favoritism or antagonism required" to prove bias. Id. Consequently, a judge's prior adverse rulings cannot establish for the bias necessary for recusal under 28 U.S.C.

§ 455(a). See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001); United States v. Pearson, 203 F.3d 1243, 1277 (10th Cir. 2000); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999); United States v. Arena, 180 F.3d 380, 398 (2d Cir. 1999). This is true even if the judge consistently made adverse rulings against the party, see McCalden v. California Library Assoc., 955 F.2d 1214, 1224 (9th Cir. 1990); United States v. Mobile Materials, Inc., 881 F.2d 866, 877 (10th Cir. 1989), because an adverse decision, even if it is adverse on all issues raised, is not evidence of bias, especially when it is supported by the law and facts. See Crenshaw v. Hodgson, 24 F. App'x 619, 621 (7th Cir. 2001) (citing Gleason v. Welborn, 42 F.3d 1107, 1112 (7th Cir. 1994); Byrne, 261 F.3d at 1103); see also Gambino v. Warden of N.J. State Prison, No. 11-4221, 2013 U.S. Dist. LEXIS 52, at 58-59, n.26 (D.N.J. Jan. 2, 2013) (same). Finally, where issues of recusal arise, "a federal judge['s] duty to sit where not disqualified . . . is equally as strong as the duty to not sit where disqualified." Laird v. Tatum, 409 U.S. 824, 837 (1972); see also Clemens, 428 F.3d at 1179; Sensley v. Albritton, 385 F.3d 591, 598-99 (5th Cir. La. 2004). Here, Petitioner's seeks this Court's recusal because the Court directed Petitioner to select and re-plead his challenges in

accordance with the requirements of federal habeas law. Nothing in the Court's decision evinced bias; in fact, this Court would have issued the same directive had it been presented with analogous pleadings submitted by any other litigant.  The record here also lacks any extrajudicial factor that might suggest impartiality or antagonism on the part of this Court.  If anything, this Court's careful explanation of the jurisdictional, exhaustion and pleading requirements, as well as grant of leave to amend, should have persuaded Petitioner as to this Court's interest in availing Petitioner of a full and fair opportunity to litigate his claims in good faith, that is, if such claims were jurisdictionally viable and duly pled.  Thus, Petitioner's motion docketed as Docket Entry No. 26 will be denied as without merit.

An appropriate Order follows.


September 26, 2013

At Camden, New Jersey

　　　　　　　　　　　　　　　　　　s/ Noel L. Hillman
**NOEL L. HILLMAN,**
**United States District Judge**